IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROD HUGHES and SHELLY HUGHES, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| NCO FINANCIAL SYSTEMS, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.  Plaintiffs Rod Hughes and Shelly Hughes bring this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. ("NCO"). Plaintiffs allege violation of the the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.  The TCPA restricts the use of automated equipment to dial and leave messages on cellular telephones.

## VENUE AND JURISDICTION

3.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337.

4.  Venue and personal jurisdiction in this District are proper because:

    a.  NCO's collection communications were received by Plaintiffs within this District;

    b.  NCO transacts business within this District.

## PARTIES

5.  Plaintiffs Rod Hughes and Shelly Hughes are individuals who reside in Springfield, Illinois.

6.  NCO is a Pennsylvania corporation with offices located at 507 Prudential Road, Horsham, PA 19044. It does business in Illinois. Its registered agent and office in Illinois

are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL  60604.

7. NCO is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

## FACTS

8. NCO has been attempting to collect an alleged debt from Plaintiffs incurred for personal, family or household purposes and not for business purposes.

9. Beginning in approximately October 2009, plaintiffs have received a series of automated telephone voice mail messages from NCO in the voice mailboxes associated with their cellular telephones.

10. Plaintiffs did not consent to receive calls from NCO or the original creditor to their cellular telephones.

11. Plaintiffs did not consent to receive voice mails from NCO or the original creditor in the voice mailboxes associated with their cellular telephones.

## COUNT I – TCPA

12. Plaintiffs incorporate paragraphs 1-11.

13. The TCPA, 47 U.S.C. §227, provides:

> **§ 227.  Restrictions on use of telephone equipment**
>
> **. . . (b) Restrictions on use of automated telephone equipment.**
>
>   **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
>> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**
>>
>>> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

14. The TCPA,  47 U.S.C. §227(b)(3), further  provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C)  both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

15. NCO violated the TCPA by leaving a series of automated telephone voice mail messages in the voice mailboxes associated with plaintiffs' cellular telephones.

WHEREFORE, plaintiffs request that the Court grant the following relief in their favor and against NCO:

(1) Statutory damages;

(2) Costs;

(3) Injunctive relief;

(4) Such other and further relief as is appropriate.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiffs demands trial by jury.

                                      s/ Daniel A. Edelman  
                                      Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                      s/ Daniel A.Edelman  
                                      Daniel A. Edelman

Daniel A. Edelman  
EDELMAN, COMBS, LATTURNER  
     & GOODWIN, LLC  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois  60603  
(312) 739-4200  
(312) 419-0379 (FAX)

T:\24755\Pleading\Complaint_Pleading.wpd

## VERIFICATION

I, Rod Hughes, state under penalty of perjury, as provided for by 28 U.S.C. 1746, that the foregoing statements are true to the best of my knowledge and belief.

_____
Rod Hughes

## VERIFICATION

I, Shelly Hughes, state under penalty of perjury, as provided for by 28 U.S.C. 1746, that the foregoing statements are true to the best of my knowledge and belief.

_____
Shelly Hughes